IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG DIVISION

ELECTRONICALLY FILED
May 06 2020
U.S. DISTRICT COURT
Northern District of WV

**NINEL LANDSMAN, as Administrator of the**
**West Virginia Estate of RINAT R. BADRUTDINOV,**

    **PLAINTIFF**

v.

Civil Action No. __1:20-cv-87__ (Kleeh)
Judge _____

**JAMES N. MATTESON, and**
**ENERGY TRANSPORTATION, LLC,**
**a West Virginia limited liability**
**company,**

    **Defendants.**

## COMPLAINT

NOW COMES Plaintiff, Ninel Landsman, in her capacity as the Administrator of the Estate of Rinat R. Badrutdinov, by counsel, Jason P. Foster and The Segal Law Firm, and for her Complaint against the Defendants, alleges and states as follows:

## I. PARTIES

1. Rinat R. Badrutdinov (the "Decedent") was at all times relevant to the events underlying this Complaint a citizen of the Russian Federation and a resident of Los Angeles, California.

2. Ninel Landsman was duly appointed by the Doddridge County Commission as the administrator of the Decedent's West Virginia Estate

3. Defendant James N. Matteson ("Matteson") is and was at all times relevant to the events underlying this Complaint a citizen and resident of Buckhannon, Upshur County, West Virginia.

4.     Defendant Energy Transportation, LLC ("Energy Transportation") is and was at all times relevant to the events underlying this Complaint a West Virginia limited liability company with a principal place of business located at 446 Locust Drive, Bridgeport, West Virginia.

## II. JURISDICTION AND VENUE

5.     The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because Decedent was a citizen of the Russian Federation, Defendants are citizens of West Virginia, and the amount in controversy exceeds $75,000.00.

6.     Defendants are subject to personal jurisdiction of this Court because they are citizens and residents of West Virginia.

7.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as the entirety of the events and omissions giving rise to this civil action occurred in Doddridge County, West Virginia.

## III. FACTS

8.     Plaintiff incorporates all allegations above as if fully restated and re-alleged, and Plaintiff further alleges as follows:

9.     On September 27, 2018, the Decedent was operating a ZNEN Moped in the eastbound lane of U.S. Route 50 in Doddridge County, West Virginia.

10.    Upon information and belief, at approximately 11:15 p.m., the Decedent pulled off of the roadway and onto the right shoulder of U.S. Route 50 in the vicinity of Bulldog Drive to make a call on his cellular phone.

11.    At the same time, Mattteson was operating a Ford F-250 pick-up truck (the "Pick-up") in the right eastbound lane of U.S. Route 50 in Doddridge County, West Virginia.

12.    The Pick-up was registered to EAN Holdings, LLC ("EAN").

13. Upon information and belief, the Pick-up was rented from EAN to Energy Transportation as one of Energy Transportation's fleet vehicles.

14. At all times relevant to this civil action, Matteson was an employee of Energy Transportation.

15. Upon information and belief, at all times relevant to this civil action, Matteson operated the Pick-up with the knowledge and permission of Energy Transportation.

16. Upon information and belief, at all times relevant to this civil action, Matteson operated the Pick-up within the scope of his employment with Energy Transportation.

17. At approximately 11:20 p.m., Defendant struck the rear of Decedent's moped with the front bumper of Defendant's truck.

18. As a result of the collision, the Decedent was mortally injured and declared dead at the scene of the collision.

### COUNT I – NEGLIGENCE
### (Defendant Matteson)

19. Plaintiff incorporates all allegations above as if fully restated and re-alleged, and Plaintiff further alleges as follows:

20. Matteson owed a duty to Decedent to maintain control of his vehicle;

21. Matteson owed a duty to Decedent to maintain an appropriate distance between his vehicle and Plaintiff;

22. Matteson owed a duty to Decedent to maintain a proper lookout;

23. Matteson breached his duty to Decedent by failing to maintain control of his vehicle;

24. Matteson breached his duty to Decedent by failing to maintain an appropriate distance between his vehicle and Plaintiff;

25. Matteson breached his duty to Decedent by failing to maintain a proper lookout;

26. As a direct and proximate result of Matteson's tortious acts and/or failures to act, Decedent sustained severe and catastrophic personal injuries resulting in Decedent's death.

### COUNT II – RESPONDEAT SUPERIOR
**(Defendant Energy Transportation, LLC)**

27. Plaintiff incorporates all allegations above as if fully restated and re-alleged, and Plaintiff further alleges as follows:

28. Matteson was the driver of the Pick-up that struck and killed Decedent.

29. Upon information and belief, Energy Transportation rented the Pick-up from EAN and provided the Pick-up to Matteson for use in the scope of his employment with Energy Transportation.

30. Upon information and belief, Matteson was operating the Pick-up with the knowledge and permission of Energy Transportation and within the scope of his employment.

31. As a direct and proximate result of Matteson's tortious acts and/or failures to act, Decedent sustained severe and catastrophic personal injuries resulting in Decedent's death.

32. Under the doctrine of respondeat superior, both Matteson and Energy Transportation are liable for Matteson's tortious acts and/or failures to act.

### COUNT III - DAMAGES OF PLAINTIFF

33. Plaintiff incorporates all allegations above as if fully restated and re-alleged, and Plaintiff further alleges as follows:

34. As a direct and proximate result of Defendants' acts and/or failures to act, Decedent suffered death and Decedent's heirs and dependents are entitled to the enumerated damages set forth in W. Va. Code §55-7-6, including, but not limited to: sorrow; mental anguish; loss of solace,

society, companionship, comfort, guidance, kindly offices and advice of Decedent; and the reasonably expected loss of Decedent's income, services, protection, care and assistance.

WHEREFORE, Plaintiff respectfully prays that this Honorable Court enter judgment against Defendants in an amount in excess of this Court's jurisdictional minimum, pre- and post-judgment interest, and any other relief this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury upon all issues triable by a jury raised herein.

> **NINEL LANDSMAN, as Administrator of the Estate of RINAT R. BADRUTDINOV, Plaintiff,**
>
> **By Counsel:**

*/s/ Jason P. Foster*
Jason P. Foster (WV Bar I.D. #10593)
**THE SEGAL LAW FIRM**
**A Legal Corporation**
810 Kanawha Boulevard, East
Charleston, West Virginia 25301
Telephone:  (304) 344-9100
Facsimile:  (304) 344-9105