```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**NINEL LANDSMAN, as Administrator
of the West Virginia Estate of
RINAT R. BADRUTDINOV,**

      **Plaintiff,**

v.                                     CIVIL ACTION NO. 1:20cv87
                                                  (KLEEH)

**JAMES N. MATTESON and ENERGY
TRANSPORTATION, LLC, a West
Virginia limited liability company,**

      **Defendants.**

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT [DKT. NO. 29]
AND PLAINTIFF'S PARTIAL MOTION FOR SUMMARY JUDGMENT
<u>ON THE ISSUE OF LIABILITY [DKT. NO. 78]</u>**

Pending before the Court is the *Motion for Summary Judgment* of Defendants James N. Matteson ("Matteson") and Energy Transportation, LLC ("Energy Transportation") [Dkt. No. 29]. Also pending is the *Motion for Partial Summary Judgment on the Issue of Liability or, in the Alternative, Objection to Defendants' Motion in Limine to Exclude Testimony or Argument that Decedent's Scooter was Operating at Any Rate of Speed* [Dkt. No. 78] filed by Plaintiff Ninel Landsman as Administrator of the West Virginia Estate of Rinat R. Badrutdinov ("Plaintiff"). For the reasons discussed below and during the September 2, 2021, pre-trial conference, the Court **DENIES** the motion for summary judgment [Dkt. No. 29] and

Plaintiff's partial motion for summary judgment on the issue of liability [Dkt. No. 78].

## I.     PROCEDURAL HISTORY

On May 6, 2020, the Plaintiff filed a Complaint in her capacity as Administrator of the Estate of Decedent Rinat R. Badrutdinov ("Decedent"), a citizen of the Russian Federation [Dkt. No. 1]. The Complaint alleges Negligence (Count I) and Respondeat Superior (Count II) against Defendants Matteson and Energy Transportation, respectively, arising out of a fatal accident that occurred on or near U.S. Route 50 in Doddridge County, West Virginia [Id.]. Defendants timely answered on July 8, 2020 [Dkt. Nos. 5, 6].

Discovery ensued and Defendants moved for summary judgment arguing that they are entitled to judgment as a matter of law because Decedent "was most likely" physically pushing his scooter up a long incline, "in the right-hand lane of traffic on a four-lane divided highway, on a rainy, foggy night, wearing a dark raincoat and dark helmet, without illuminating taillights, headlights, or hazard lights" [Dkt. No. 30 at 1]. Defendants contend that Matteson was lawfully operating a vehicle when he suddenly encountered "a black mass" with little or no time to react before impact and that there is no genuine issue of material fact that Plaintiff can prove to show that the accident was primarily

2

caused by the negligence of Matteson. Plaintiff counters that there exist genuine issues of material fact as to whether Defendant Matteson is at least fifty percent liable for the collision at issue pursuant to West Virginia law [Dkt. No. 34].

Plaintiff filed a partial motion for summary judgment on the issue of liability based on discovery responses by Defendants which Plaintiff now argues constitute judicial admissions [Dkt. No. 78]. Plaintiff asks the Court for judgment as a matter of law on the issue of whether Decedent had pulled off of U.S. Route 50 onto the right shoulder of the road prior to the collision given Defendants' discovery responses and arguments in briefing [Id.]. Defendants deny that they made statements which constitute judicial admissions [Dkt. No. 93]. These matters are fully briefed and ripe for decision.

## II.  STANDARD OF REVIEW

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The

nonmoving party must "make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." Id.  Summary judgment is proper "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there [being] no 'genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citing First Nat'l Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253, 288 (1968)).  This Court views the evidence in the light most favorable to Plaintiff, the non-moving party, and draws any reasonable inferences in Plaintiff's favor.  See Fed. R. Civ. P. 56(a); see Henry v. Purnell, 652 F.3d 524, 531 (4th Cir. 2011) (en banc).

### III. FACTS

On or around August 29, 2018, Decedent, a Russian citizen and resident of Los Angeles, California, set out with the goal of traveling to New York, New York, on his 2017 ZNEN PSC50 motorized scooter or moped ("Moped" or "ZNEN") [Dkt. No. 1; Dkt. No. 34]. On the night of September 27, 2018, Decedent was operating his Moped in the eastbound lane of U.S. Route 50 in Doddridge County, West Virginia [Id. at 2].  The Complaint alleges that at approximately 11:15 p.m., the Decedent pulled off the roadway onto the right shoulder in the vicinity of Bulldog Drive [Id.]. Defendant Matteson was operating a Ford F-250 pick-up truck in the right eastbound lane of U.S. Route 50, and at approximately 11:20

p.m., Matteson's truck struck the rear of Decedent's Moped with the truck's front bumper [Id. at 3]. Decedent was mortally injured and declared dead at the scene of the collision [Id.].

At the time of the accident, Matteson was an employee of Defendant Energy Transportation [Dkt. No. 71]. Energy Transportation provided Matteson with a Ford F-250 for use in the scope of his employment, and at all relevant times, Matteson was operating the Ford F-250 with Energy Transportation's knowledge and permission [Id.]. He was operating the Ford F-250 within the scope of his employment and in furtherance of Energy Transportation's business operations [Id.].

Plaintiff contends that Defendant Matteson was operating the Ford F-250 in violation of West Virginia traffic law because he was traveling too fast for the prevailing environmental and road conditions and he failed to maintain a proper lookout [Dkt. No. 34; Dkt. No. 81 at 7]. Plaintiff argues that if Matteson had been operating the Ford F-250 at an appropriate speed for the conditions, Matteson would have been able to avoid the collision with Decedent [Id.].

Defendants claim that Plaintiff cannot establish that the conduct of Matteson was negligent because there is no evidence to support a claim that a reasonable person in his position would have been able to detect and avoid the Decedent and his Moped [Dkt. No. 30; Dkt. No. 81 at 7]. Defendants state that Matteson will

5

testify that he saw an unlit "dark mass" a split-second before impact, and too late to avoid a collision [Dkt. No. 30; Dkt. No. 81 at 8]. Although no independent witnesses have testified to the status of the lights on the Moped on the night of the collision, Plaintiff points to videographic evidence of the Moped from sometime prior to the collision that confirms that both the headlight and taillight were in operating order [Dkt. No. 34]. Moreover, while Decedent was traveling with a substantial amount of gear on the ZNEN, Plaintiff claims that Decedent routinely stowed his gear in way that allowed the taillight to be fully visible [Id.].

Additionally, in the Proposed Joint Pre-Trial Order [Dkt. No. 81 at 8], the parties identified the following as contested facts in this matter:

1) Whether or not Matteson was driving at an appropriate speed for the environmental and road conditions at the time and location of the collision;

2) Whether or not Matteson maintained a proper lookout;

3) Whether or not the Moped was moving at any speed, or stopped;

4) Whether or not Decedent was operating his Moped at the time of the impact; and

5) Whether or not the Moped should have been visible to Matteson, and whether its taillights were illuminated and/or were obstructed by luggage.

### IV.  DISCUSSION

In the motion for summary judgment [Dkt. No. 30], Defendants argue that Decedent did not have a valid driver's license to operate a vehicle [Dkt. No. 30 at 2].  Defendants also argue that Decedent had mechanical difficulties with his Moped shortly before the collision with Matteson[1] [Id. at 2-4].  Defendants further assert that although it was rainy and slightly foggy at the time of the collision, Matteson had no time react because Decedent's Moped appeared as "a black mass" suddenly out of nowhere in front of the Ford F-250 [Id. at 5].  In arguing that they are entitled to judgment as a matter of law, Defendants contend that Decedent's conduct was illegal and highly reckless, and indicate that Decedent was not operating the Moped at the time of the accident, but was instead pushing it up the hill in the righthand lane of traffic on U.S. Route 50 [Id. at 7-8].  According to West Virginia's comparative fault statute, at West Virginia Code § 55-7-13c, Defendants allege that fault chargeable to Decedent is greater than the combined fault of all other parties and recovery by Plaintiff is foreclosed [Id.].

---

[1] Defendants' argument related to alleged mechanical difficulties experienced by Decedent is based upon an online Russian "article" purportedly written by a "journalist" who is said to have interviewed Decedent, Rinat Badutdinov, on September 19, 2018 [Dkt. No. 30 at 4].  The Russian article was the subject of a *Motion in Limine* [Dkt. No. 40] by Plaintiff, and the motion was orally granted during a hearing on September 2, 2021.

Plaintiff opposes Defendants' motion for summary judgment because of existing genuine issues of material fact [Dkt. No. 34]. Plaintiff does not believe Defendants are entitled to judgment as a matter of law because Matteson rear-ended Decedent; the investigating officer had no evidence to sustain a citation for any moving violation committed by Decedent; and the investigating officer ultimately opined that Matteson was driving much too fast for the road conditions [Id. at 10-14].

Plaintiff alleges a negligence claim under West Virginia law which consists of four basic elements: (1) a duty owed; (2) the breach of the duty owed; (3) causation; and (4) damages. Atkinson v. Harman, 158 S.E.2d 169, 171 (W.Va. 1967); Carter v. Monsanto Co., 575 S.E.2d 342, 247 (W.Va. 2002).  As discussed at the September 2, 2021, pre-trial conference, the Court **FINDS** that a genuine dispute of material fact exists as to whether Defendant Matteson breached a duty owed in operating the Ford F-250 on September 27, 2018, based on the environmental and road conditions at the time of the collision with Decedent's Moped.  Additional issues of material fact exist as to whether the Moped was moving at the time of the collision or whether it was stopped either in a lane of traffic or on the shoulder, and whether the Moped should have been visible to Matteson.  Because a reasonable juror could conclude that Matteson operated the Ford F-250 at an inappropriate rate of speed based on environmental and road conditions, and could

determine that Decedent's Moped was not moving at any speed and possibly off the roadway entirely at the time of the collision, Defendants fail to show they are entitled to summary judgment.

In deciding a motion for summary judgment, a court must neither resolve disputed facts nor weigh the evidence, nor make any determinations of credibility. Russell v. Microdyne Corp., 65 F.3d 1229, 1239 (4th Cir. 1995); Sosebee v. Murphy, 797 F.2d 179, 182 (4th Cir. 1986). Moreover, inferences "drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." United States v. Diebold, Inc., 369 U.S. 654, 655 (1962). Viewing all of the evidence submitted by the parties, it is clear that judgment as a matter of law in not warranted.

## V.   CONCLUSION

For the reasons stated above, the Court **DENIES** the motion for summary judgment of Defendants [Dkt. No. 29] in this matter, and **DENIES** Plaintiff's partial motion for summary judgment on the issue of liability [Dkt. No. 78].

It is so **ORDERED**.

The Court directs the Clerk to transmit copies of this Order to counsel of record.

**DATED**: September 14, 2021

                                             /s/Thomas S. Kleeh
                                             Thomas S. Kleeh
                                             United States District Judge